O’CONNELL, Justice.
A complaint was filed by the Florida Bar against David M. Earle, respondent, an attorney at law, on August 13, 1955. The complaint charged the respondent with professional misconduct in that he received from clients payment for legal services but did not perform such services and did not refund such payments to' the clients. He was also charged with abandoning his law practice without notice to his clients and without making any provision for the protection of their interests. In addition, he was charged with abandoning his family without providing for them any means of support.
A referee conducted a hearing on the matter and his report was made to this Court on November 5, 1955. This Court being dissatisfied with the Quantum of proof and the efforts made to serve the respondent with notice of these proceedings, remanded the cause to the referee for further proceedings.
Further, intensive efforts were made to locate the respondent in order to notify him of these proceedings. Expert investigators were employed at the expense of the Florida Bar, but the respondent could not be located or contacted. Further hearings were had on June 3, September 26 and October 3, 1957.
The referee found from the evidence taken that the respondent was guilty of unprofessional conduct as set forth in the complaint dated August 13, 1955 and that substantial and adequate compliance with the due process requirement of the Integration Rule of the Florida Bar and other laws was made. The referee recommended that the Board of Governors of the Florida Bar certify the record of the proceedings to this Court with the recommendation that, in due course, an order be entered by the Court disbarring the respondent.
On December 18, 1957 there was certified to this Court the record and transcript of *114 the proceedings along with the recommendation of the Board of Governors of the Florida Bar that respondent be disbarred.
The complaint having been filed prior to adoption of the current Integration Rule of the Florida Bar,[1] the provisions of the old Integration Rule, effective June 1, 1952, govern. This rule provides that the respondent, within sixty days after the filing of the Board’s recommendation with this Court, may petition this Court for review of such recommendations. However, if the respondent files no petition for review within that time, the rule provides that “the recommendations of the Board of Governors may be approved and, in that event, an appropriate order shall be made by this Court.”
The above rule no doubt contemplated that the respondent be given notice of the date on which the board files its recommendations with this Court. Such notice would necessarily be prerequisite to the running of the sixty days time within which he could file petition for review. With this in mind, notice of the filing of the recommendations of the board with this Court was mailed to respondent at his last known address. Such notice was returned unclaimed by the respondent. Sixty days now having run from the giving of notice, and the respondent having filed no petition with this Court for review of the proceedings, and this Court having determined that the record is sufficient to support the recommendations of the Board of Governors of the Florida Bar, this Court hereby enters its order approving the recommendation of the Board of Governors that the respondent be disbarred. The respondent, David M. Earle, is hereby disbarred from the practice of law in this State.
TERRELL, C. J., and THOMAS, HOB-SON, ROBERTS, DREW and THOR-NAL, JJ., concur.

. 31 F.S.A. art. 11.